VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org



Docket No. 22-ENV-00062

| | |
|---|---|
| **Boondock Motors NOV Appeal** | **Merits Decision** |

In this appeal, Travis Bovey and Boondock Motors (together, Boondock) appeal a May 31, 2022 decision of the Town of Pittsford Zoning Board of Adjustment (ZBA) denying Boondock's appeal of a March 18, 2022 Notice of Violation issued by the Town of Pittsford's Zoning Administrator (Zoning Administrator) to Boondock regarding the violation of permit conditions set forth in Town Permit 21-35 relative to Boondock's commercial hauling/trucking and towing services, and operation of an auto body shop at property located at 670 Hollister Quarry Road, Pittsford, Vermont (the Property).  Specifically, Town Permit 21-35 included a condition requiring the installation of screening around the perimeter of a portion of the Property to obstruct the view of the Property's operational interior from the public, approval of the final screening by the Zoning Administrator, including the design, material and placement of said screening, and that Boondock ensure all vehicles, trucking cargo, and other business-related items be kept behind the screen (Condition (a)).  Secondly, Town Permit 21-35 set forth hours of operation as: "Towing/Recovery Vehicle and any other business related Truck deliveries and travel on Hollister Quarry Road is permitted seven days a week, but *only between the hours of 7:00 am to 10:00 pm.*" See Ex. A (emphasis in original) (Condition (d)).  The NOV addresses alleged violations of both Condition (a) and Condition (d).  Boondock timely appealed the ZBA's denial of Boondock's appeal to this Court.

On November 17, 2023, this Court held a trial on the appeal via the WebEx platform. In this matter, Boondock is represented by Attorney David L. Grayck and the Town of Pittsford (Town) is represented by Attorney Gary R. Kupferer.

## Statement of Questions

There are two Questions in Boondock's Statement of Questions. They are:

> 1. Whether Conditional Use Permit 21-35 condition (a) was violated?
> 2. Whether Conditional Use Permit 21-35 condition (d) was violated?

Boondock Statement of Questions (filed on Oct. 2, 2023).

## Findings of Fact

1. Travis Bovey owns property at 670 Hollister Quarry Road, Pittsford, Vermont (previously defined as the Property).

2. Mr. Bovey operates a towing, recovery, and general trucking services business and a commercial vehicle repair and body shop business on the Property called Boondock Motors (Mr. Bovey and Boondock Motors are previously defined as, together, Boondock).

3. On September 8, 2021, the ZBA issued Town Permit 21-35 which approved Boondock's application to operate its vehicle towing, recovery and storage business and motor vehicle repair shop on the Property, with conditions. Ex. A.

4. Town Permit 21-35 Condition (a) required that:

*FOR EXTERIOR SCREENING*:

> 1) Within sixty (60) days of the date of this Decision, the Owner's Operation Yard on the north side of T.H. #19 [Hollister Quary Road] shall be screened along its perimeter to obstruct the view of the Yard's interior from the general public. Screening shall be located as depicted in Applicant's Site Plan (Exhibit A of Hearing testimony).
> 2) The final design, materials, and placement of all Screening shall be approved in advance by the Zoning Administrator. Screening material options include:
> > i. Installing a rigid privacy fence having a minimum height of eight (8) feet above grade.
> > ii. Planting an effective perennial coniferous Vegetative Screen of trees with a minimum height of six (6') feet above root ball.

3) All Screening [. . .] shall be perpetually and continuously maintained in a proper state of repair, with the best face of a [f]ence facing the adjacent owner(s) property. All Screening shall be installed so that both sides of the may be maintained from the Applicant's property.

4) All vehicles, trucking cargo, and business related items shall be kept behind the Screening at all times.

See Ex. A.

5. The location of the screening is identified in blue on the attached site plan to the Town Permit 21-35 decision. See Ex. A at Exhibit A.

6. Town Permit 21-35 condition (d) required that for the hours of operation of the "Towing/Recovery Vehicle and any other business related Truck deliveries and travel on Hollister Quarry Road is permitted seven days a week, but *only between the hours of 7:00 am to 10:00 pm.*" Id. (emphasis in original).

7. Boondock did not, within 60 days of the date of the issuance of Town Permit 21-35, install screening as contemplated by Condition (a), nor did Boondock get any potential screening approved by the Zoning Administrator as required by Condition (a)(2).

8. As of the date of trial, Boondock had not installed any screening and had not received approval from the Zoning Administrator of the final design, materials, and placement of said screening, nor has there been an effort to do so.

9. Due to the lack of screening, vehicles, trucking cargo, and business-related items are not kept screened at all times.

10. Since the issuance of Town Permit 21-35, Boondock has regularly operated its trucks on Hollister Quarry Road in periods outside of the permitted hours of operation set forth in Condition (d).

11. Jill Markowski lives on Hollister Quarry Road at a property beyond the Property and her home is on the southerly side of Hollister Quarry Road.

12. From her house she can see Hollister Quarry Road and the Property, including the Boondock home.

13. Ms. Markowiski has observed, both visually and auditorily, trucks associated with Boondock's businesses on Hollister Quarry Road outside of the approved hours of operation since the issuance of Town Permit 21-35.

14. Ms. Markowiski has observed different types of Boondock's vehicles, including passenger vehicles, tractor trailers, and towing trucks pulling into the Property.

15. There is a turnaround in front of Ms. Markowiski's home that larger Boondock vehicles use to turn into the Property.

16. Greg Boudah lives on the southerly side of Hollister Quarry Road, between the Property and the road's intersection with the larger road network, such that traffic from the Property must pass his home to go to or from the Property.

17. Mr. Boudah has observed Boondock business operations numerous times during hours outside of the permitted hours of operation since the issuance of Town Permit 21-35.

18. Mr. Boudah kept a log of Boondock's operations from April 2022 to August 2022, which was admitted at trial as Exhibit M.

19. Exhibit M includes many entries regarding Boondock truck traffic outside of the permitted hours of operation.

20. Peter Cosgrove lives on the southerly side of Hollister Quarry Road between the Property and its intersection with the larger road network.

21. Mr. Cosgrove can see the Property from his home.

22. All traffic to and from the Property must pass the Cosgrove property.

23. Mr. Cosgrove observed numerous instances of truck traffic by Boondock on Hollister Quarry Road during non-permitted hours since the issuance of Town Permit 21-35.

24. Mr. Cosgrove kept a log of Boondock's nighttime operations from approximately the issuance of Town Permit 21-35 to July 2022.  See Ex. N.

25. Exhibit N contains many logged instances of non-compliance with permitted hours of operation.

26. On or about March 18, 2022, the Zoning Administrator issued Boondock a Notice of Violation alleging that it was violating Condition (a), relative to screening, and Condition (d), relative to hours of operation, of Town Permit 21-35.

27. Boondock appealed the notice to the ZBA on March 28, 2022.

28. On April 1, 2022, the Zoning Administrator issued a corrected NOV with a revised date (together with the March 18, 2022 Notice, the NOV).

29. Boondock appealed the NOV to the ZBA.

30. On June 8, 2022, the ZBA denied Boondock's appeal.

31. Boondock timely appealed the ZBA's denial to this Court.

**Discussion**

I.      **Question 1: Condition (a), Screening**

Condition (a) required that:

> ***FOR EXTERIOR SCREENING*:**
>
> 1)      Within sixty (60) days of the date of this Decision, the Owner's Operation Yard on the north side of T.H. #19 [Hollister Quary Road] shall be screened along its perimeter to obstruct the view of the Yard's interior from the general public.  Screening shall be located as depicted in Applicant's Site Plan (Exhibit A of Hearing testimony).
> 2)      The final design, materials, and placement of all Screening shall be approved in advance by the Zoning Administrator.  Screening material options include:
>> i.      Installing a rigid privacy fence having a minimum height of eight (8) feet above grade.
>> ii.      Planting an effective perennial coniferous Vegetative Screen of trees with a minimum height of six (6') feet above root ball.
> 3)      All Screening [. . .] shall be perpetually and continuously maintained in a proper state of repair, with the best face of a [f]ence facing the adjacent owner(s) property.  All Screening shall be installed so that both sides of the may be maintained from the Applicant's property.
> 4)      All vehicles, trucking cargo, and business related items shall be kept behind the Screening at all times.

See Ex. A.

It is undisputed that screening has not been installed and that vehicles, trucking cargo and business-related items remain un-screened.  Further, it is undisputed that Boondock has not made any efforts to obtain approval by the Zoning Administrator of any screening as set forth in

5

Condition (a)(2). Therefore, Boondock is in violation of Condition (a) of Town Permit 21-35. The Court answers Question 1 in the affirmative.

## II.     Question 2: Condition (d), Hours of Operation

Condition (d) limited Boondock's hours of operation. It states: "Towing/Recovery Vehicle and any other business related Truck deliveries and travel on Hollister Quarry Road is permitted seven days a week, but *only between the hours of 7:00 am to 10:00 pm.*" See Ex. A (emphasis in original).

Neighbors Markowski, Boudah, and Cosgrove can see Hollister Quarry Road and the Property in varying degrees from the respective properties and homes. A vehicle leaving the Property must pass the Boudah and Cosgrove properties along Hollister Quarry Road to reach the larger road network. Each of these neighbors credibly testified that Boondock's business trucks, including towing and other recovery vehicles, regularly travel on Hollister Quarry Road outside of the permitted hours of operation since the issuance of Town Permit 21-35.

While none of the neighbors know the exact purpose of Boondock's truck traffic during these hours or who was driving in each instance, such a determination by neighbors in this context is unnecessary. In fact, this distinction would likely be contrary to the purpose of Condition (d). Town Permit 21-35 notes that noise from Boondock's trucks "regularly disturb the neighborhood, especially on nights and weekends" and truck traffic relative to Boondock's hours of operation "has resulted in a detrimental impact on the neighborhood with regards to aesthetics, noise, and traffic." Ex. A at 3—4. Condition (d) was imposed, at least in part, as an effort to generally limit impacts to surrounding properties by nighttime traffic from Boondock's commercial trucks, most notably, noise impacts. See In re Wagner & Guay Permit, No. 150-10-14 Vtec, slip op. at 5 (Vt. Super. Ct. Envtl. Div. Oct. 1, 2015) (Walsh, J.) ("In construing permit conditions, the Court on the normal rules of statutory construction. . . . It is our principal concern to implement the intent of the drafters, which we ordinarily determine by accepting the plain meaning of the words.") (citing Agency of Nat. Res. v. Weston, 2003 VT 58, ¶ 16, 175 Vt. 573.). These noise impacts occur whenever a Boondock commercial truck is on Hollister Quarry Road no matter who is driving the truck or whether they are using the commercial truck for non-business use. Further, Boondock has offered no evidence to refute Ms. Markowski, Mr. Boudah,

or Mr. Cosgrove's testimony that Boondock commercial trucks regularly operate on Hollister Quarry Road outside of permitted hours. Furthermore, Boondock has not provided any other evidence relating to its nighttime use of Hollister Quarry Road. The Court concludes that each neighbor has provided credible evidence that Boondock's commercial trucks regularly use Hollister Quarry Road during nighttime hours and that this use is a disturbance.

Thus, the undisputed evidence shows that Boondock trucks use Hollister Quarry Road outside of the permitted hours of operation in violation of Condition (d). We therefore answer Question 2 in the affirmative.

## Conclusion

For the foregoing reasons, the evidence demonstrates that Boondock is in violation of Town Permit 21-35 Condition (a), relative to screening, and Condition (d), relative to hours of operation. Thus, we answer both Questions 1 and 2 in the affirmative. Based on this conclusion the NOV is **AFFIRMED**.

This concludes the matter before the Court. A Judgment Order accompanies this Decision.

Electronically signed January 3, 2024 in Burlington, Vermont pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division